UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHN VERNON FIELDS, | Case No. 3:16-cv-00298-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

Petitioner John Vernon Fields has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has now paid the filing fee (*see* ECF No. 4). The Court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for appointment of counsel (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023

(1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Fields's petition may contain relatively complex legal issues, and he is serving a life sentence without the possibility of parole. Thus, the Court concludes that the appointment of counsel is justified to ensure due process. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Accordingly, the motion will be granted.

It is therefore ordered that the Clerk file and electronically serve the petition (ECF No. 1-1) on the respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that the Clerk file petitioner's motion for appointment of counsel (ECF No. 1-2).

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that the Federal Public Defender ("FPD") is appointed to represent petitioner.

It is further ordered that the Clerk electronically serve on the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

///

///

///

1  It is further ordered that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition, if any.

DATED THIS 14th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE